**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2408-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEAN C. GONZALEZ-ROSARIO,

     Defendant-Appellant.

_____

Submitted January 24, 2024 – Decided February 6, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-05-0613.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Jean C. Gonzalez-Rosario of first-degree maintaining a controlled dangerous substance (CDS) production facility and other possessory drug offenses, and the court imposed an aggregate nineteen-year sentence with a five-year period of parole ineligibility. We affirmed defendant's conviction and sentence on his direct appeal, State v. Gonzalez-Rosario, Nos. A-3322-17, A-4018-17 (App. Div. Sept. 2, 2020) (slip op. at 41),[1] and the Supreme Court denied defendant's petition for certification, State v. Gonzalez-Rosario, 245 N.J. 146 (2021).[2] Defendant appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

I.

We detailed the evidence presented at defendant's trial in our decision on his direct appeal. Gonzalez-Rosario, No. A-4018-17, slip op. at 2-8. We summarize that evidence here to provide context for our discussion of defendant's PCR claims.

---

[1] We consolidated defendant's direct appeal under docket number A-4018-17 with the appeal of his codefendant Neit N. Figuereo-Rodriguez under docket number A-3722-17 for the purposes of issuing a single opinion.

[2] The Supreme Court's order denying defendant's petition for certification also denied Figuereo-Rodriguez's petition for certification.

On February 13, 2015, Perth Amboy police observed a plastic bag of suspected cocaine on the front center console of a parked vehicle in which defendant sat in the driver's seat and his codefendant Figuereo-Rodriguez sat in the front passenger seat. Id. at 5-6. The police later conducted a search of defendant's residence—a one-room apartment in a building located in front of the parked vehicle in which defendant and Figuereo-Rodriguez had been observed. Id. at 3. The search of the apartment resulted in the discovery of additional cocaine and other drug-related equipment and paraphernalia. Ibid.

A grand jury charged defendant and Figuereo-Rodriguez in an indictment with five possessory drug offenses based of the evidence seized from defendant, Figuereo-Rodriguez, and the vehicle. Ibid. The indictment also included the following four charges against defendant based on the evidence seized from the apartment: first-degree maintaining a CDS production facility, N.J.S.A. 2C:35-4; third-degree possession of a CDS, cocaine, N.J.S.A. 2C:35-10(a)(1); second-degree possession of a CDS, cocaine, with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); possession of a CDS, cocaine, with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7. Id. at 3-4.

The State's evidence at trial established that on the day of his arrest, defendant had resided for about a month in a one-room apartment in a building

on Gordon Street in Perth Amboy.  Id. at 4.  Perth Amboy detective, David Guzman, had planned to search defendant's apartment and vehicle that day, and he and other officers were monitoring the home from nearby locations.[3]  Id. at 4-5.

When the officers did not observe defendant or his vehicle near the apartment building, detective Guzman drove around the area looking for defendant.  Ibid.  Detective Guzman observed defendant and Figuereo-Rodriguez in a white Mercedes-Benz that was parked at a fast-food restaurant.  Id. at 5.  Detective Guzman further observed Figuereo-Rodriguez exit the Mercedes-Benz, briefly meet with a male, and get back into the car.  Ibid.  Defendant and Figuereo-Rodriguez then drove out of the parking lot, but detective Guzman did not follow them.  Ibid.  Detective Guzman instead returned to the area of the Gordon Street home and waited with other officers near defendant's apartment building.  Ibid.

Defendant and Figuereo-Rodriguez later arrived in the area in the Mercedes-Benz and parked it outside the apartment building.  Ibid.  Defendant exited the vehicle, went into the building, exited the building minutes later, and

---

[3]  The officers conducted the search of the apartment pursuant to a search warrant, but during the trial there were no references to the search warrant before the jury.  Id. at 5 n.1.

returned to the parked Mercedes-Benz. Ibid. The officers converged on the vehicle, and detective Guzman observed defendant and Figuereo-Rodriguez sitting in the front seats, staring at "a clear plastic baggie containing a white powdery substance believed to be cocaine" that was on the center console between them. Id. at 5-6.

When detective Guzman shined his flashlight into the Mercedes-Benz, he saw defendant and Figuereo-Rodriguez try to hide the plastic bag. Id. at 6. According to detective Guzman, Figuereo-Rodriguez attempted "to conceal the clear plastic knotted baggie with his left elbow" by moving the bag over and "obscuring the bag from [detective Guzman's] view." Ibid. (alteration in original). When detective Guzman identified himself as a police officer and told defendant to unlock the vehicle door, defendant "grabbed the bag and attempted to stuff it down his pants." Ibid.

Following the removal of defendant and Figuereo-Rodriguez from the vehicle, detective Guzman recovered the plastic bag from defendant—which was later determined to contain 19.71 grams of cocaine—$900 in cash, a cellphone, and keys to the Gordon Street apartment. Ibid. Detective Guzman recovered $3,400 in cash from Figuereo-Rodriguez, and a search of the vehicle revealed three cellphones and a plastic bag with drug residue on it. Ibid.

A-2408-21

Detective Guzman used the keys recovered from defendant to enter the Gordon Street apartment building and then the one-room apartment. Id. at 7. The apartment measured ten feet by twelve feet and included a closet in which detective Guzman found a large twelve-ton kilo press that appeared to be covered with cocaine residue. Ibid. Detective Guzman testified the press was so large that it had to be disassembled so it could be removed from the apartment. Ibid. Within the apartment, the officers also found three bottles of inositol powder—one empty, another near-empty, and the last full and unopened—numerous plastic baggies, two-way radios, a sifter, a digital scale with white powder residue on it, a shoe containing $1,000, and a bag containing what was later determined to be thirty-four grams of cocaine. Ibid.

Detective Guzman testified inositol powder is a common cutting agent for cocaine and explained cutting agents are used to dilute cocaine and thereby increase profits for those involved in the distribution of cocaine. Id. at 7-8. Detective Guzman also explained the uses of plastic bags, sifters, digital scales, and the kilo press in the distribution of cocaine. Ibid. The State also presented an expert witness, who explained the manner in which cocaine is diluted through the use of cutting agents, such as inositol, and the use of other paraphernalia in the distribution of cocaine. Id. at 8.

6

The State further called the owner of the apartment building as a witness. She testified she leased the one-room apartment to defendant approximately one month prior to his arrest.

As noted, the jury convicted defendant on all the charges. Following our affirmance of defendant's conviction and sentence, and the Supreme Court's denial of his petition for certification, defendant filed a verified pro se PCR petition.

Pertinent here, the petition generally alleged defendant's trial counsel was ineffective by failing to: investigate and challenge the apartment building owner's testimony that she leased the apartment to defendant; interview a witness, Guillermo Cabrera, who defendant claimed would have testified the Mercedes-Benz was his and was not operable on the day of defendant's arrest; and failed to investigate defendant's claim the Mercedes-Benz was not registered to defendant.[4] In his counsel's brief in support of the PCR petition, defendant also asserted trial counsel was ineffective by failing to request that the trial court

---

[4] The petition also asserted that trial counsel was ineffective by not challenging the State's failure to call two witnesses, detective Emma Cabrera and detective Carmelo Jimenez at trial. Defendant does not argue on appeal that the PCR court erred by rejecting the claim. We therefore do not address it.

A-2408-21

define the terms, "maintain" and "continuity of use," in its jury charge on the offense of maintaining a CDS production facility under N.J.S.A. 2C:35-4.

Following oral argument on the petition, the court issued a well-reasoned written opinion addressing and rejecting each of defendant's claims. The court reasoned that defendant had failed to present sufficient evidence to satisfy his burden of establishing a prima facie claim of ineffective assistance of counsel under the two-pronged standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and as adopted by our Supreme Court under our State Constitution in <u>State v. Fritz</u>, 105 N.J. 42 (1987).

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed. Defendant presents the following arguments for our consideration:

> <u>POINT I</u>
>
> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. COUNSEL FAILED TO INVESTIGATE AND CHALLENGE TESTIMONY THAT THE APARTMENT AT 91 GORDON STREET WAS RENTED TO THE DEFENDANT.

A-2408-21

B. COUNSEL FAILED TO INVESTIGATE AND PRESENT EVIDENCE THAT THE VEHICLE OCCUPIED BY THE DEFENDANT WAS NOT REGISTERED TO HIM AND WAS INOPERABLE ON THE DATE OF THE ARREST.

POINT II

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO OBJECT TO THE JURY INSTRUCTION ON MAINTAINING A CDS MANUFACTURING FACILITY.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where, as here, the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding the right to the assistance of counsel in their defense. Fritz, 105 N.J. at 42. The right to counsel requires "the right to the effective assistance of

9

counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

To establish a prima facie case of ineffective assistance of counsel, a defendant must show a "reasonable likelihood" of success under the two-prong test outlined in Strickland. State v. Preciose, 129 N.J. 451, 463 (1992); see also Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 58. The Strickland test requires that defendant show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) counsel's "deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). If a defendant fails to sustain his burden under either prong of the standard, a defendant's ineffective assistance of counsel claim fails. Strickland, 466 U.S. at 687.

Under the first prong, a defendant must show "counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Allegro, 193 N.J. 352, 366

(2008) (citation omitted). Our analysis under the first prong is highly deferential to counsel. State v. Arthur, 184 N.J. 307, 318-19 (2005) (citing Strickland, 466 U.S. at 689). There is "'a strong presumption' that [counsel] provided reasonably effective assistance" and counsel's "decisions followed a sound strategic approach to the case[,]" State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting Strickland, 466 U.S. at 689), even when a strategic decision turns out to be a mistake, State v. Buonadonna, 122 N.J. 22, 42 (1991). A defendant may rebut the presumption of effectiveness by proving trial counsel's actions were not "sound trial strategy." Arthur, 184 N.J. at 319 (quoting Strickland, 466 U.S. at 689).

Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (citations omitted). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting Allegro, 193 N.J. at 367). A defendant "must affirmatively prove prejudice" in a PCR petition to satisfy the

second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

Defendant argues the PCR court erred by not conducting an evidentiary hearing on his claim that trial counsel was ineffective by failing to investigate and challenge the testimony of the owner of the Gordon Street apartment building that she rented the one-room apartment to defendant. In support of the argument, defendant asserts that at oral argument on the PCR petition, he "proffered . . . that" a putative witness, "Guillermo Cabrera[,] could have testified that defendant was not renting" the room.

We reject the argument because a defendant does not establish a prima facie ineffective assistance of counsel claim by making "bald assertions" or by relying on the proffers of counsel as to what competent evidence might show. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). PCR petitions must be supported by "an affidavit or certification by defendant or by others setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," State v. Porter, 216 N.J. 343, 355 (2013) (quoting Cummings, 321 N.J. Super. at 170). Where, as here, a defendant claims trial counsel was ineffective by failing to conduct an investigation, the defendant "must assert the facts that an

12

investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170.

Defendant's PCR petition is unsupported by any affidavits, certifications, or other competent evidence establishing what Cabrera might have said concerning defendant's rental of the apartment. Indeed, defendant did not submit an affidavit or certification claiming or establishing he did not rent the apartment. Thus, defendant did not present any evidence supporting his claim trial counsel was ineffective by failing to either investigate Cabrera as a potential witness or obtain an affidavit or certification from Cabrera supporting defendant's assertion Cabrera possessed information that would establish defendant did not rent the apartment. See ibid.

Having failed to present any competent evidence establishing either prong of the Strickland standard, the court correctly rejected defendant's claim trial counsel was ineffective by failing to investigate or obtain information from Cabrera that would have contradicted the apartment owner's testimony she rented the apartment to defendant. See Strickland, 466 U.S. at 687 (explaining that to prevail on a claim of ineffective assistance of counsel, a defendant must

establish both prongs of the <u>Strickland</u> standard); <u>accord</u> <u>Nash</u>, 212 N.J. at 542. We therefore affirm the court's denial of the claim.

Defendant's argument the court erred by rejecting his claim trial counsel was ineffective by purportedly failing to investigate the ownership of the Mercedes-Benz suffers from similar infirmities. In his verified PCR petition, defendant asserted that counsel should have interviewed Cabrera because, according to defendant, Cabrera would have testified the vehicle was his. Defendant further claims that establishing the Mercedes-Benz belonged to Cabrera would have exonerated defendant on the charges in the indictment that were based on the seizure of evidence during the incident in the Mercedes-Benz.

Again, defendant's claim consists of only bald assertions as to what he contends Cabrera would say about ownership of the Mercedes-Benz. <u>See</u> <u>Cummings</u>, 321 N.J. Super. at 170. Defendant did not present any affidavits or certifications based on an affiant's personal knowledge, or any other competent evidence, establishing the facts about which Cabrera might testify or Cabrera's purported ownership of the Mercedes-Benz. Defendant's vague, conclusory, and bald assertions concerning ownership of the vehicle are insufficient to support his ineffective assistance of counsel claim. <u>Ibid.</u>

14                                                                         A-2408-21

Moreover, even if counsel erred by failing to investigate Cabrera's knowledge concerning ownership of the Mercedes-Benz, defendant failed to present any evidence affirmatively establishing there is a reasonable probability that but for counsel's error, the result of his trial would have been different. See Gideon, 244 N.J. at 551. Stated differently, defendant failed to sustain his burden of demonstrating prejudice under Strickland's second prong and, for that reason, the PCR court correctly denied his PCR claim. See Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542.

Defendant contends that evidence establishing he did not own the Mercedes-Benz would have provided a defense to the charges based on the evidence recovered from the vehicle. The argument ignores that all the significant evidence supporting the charges based on defendant's presence in the vehicle was recovered directly from him and Figuereo-Rodriguez. That is, the plastic bag filled with cocaine, $900 in cash, a cellphone, and keys to the Gordon Street apartment were recovered directly from defendant, and the large amount of cash was recovered during a search of Figuereo-Rodriguez. The only items retrieved from the vehicle were three cellphones and a plastic bag with some drug residue on it.

In our view, ownership of the vehicle was of little import to the determination of defendant's guilt on the possessory drug charges arising from the evidence seized during the events surrounding defendant's presence in the vehicle. Defendant's guilt on those charges was established based on the items seized directly from him. Accordingly, we are not persuaded the record supports a finding there is a reasonable probability that but for counsel's purported error in failing to investigate Cabrera's putative ownership of the vehicle, the result of defendant's trial would have been different. And, the record is otherwise devoid of an affirmative showing by defendant satisfying his burden of demonstrating prejudice under Strickland's second prong. See Gideon, 244 N.J. at 551. That failure is fatal to defendant's claim he is entitled to PCR because his trial counsel purportedly failed to investigate or present evidence concerning ownership of the Mercedes-Benz.

Defendant further asserts the PCR court erred by rejecting his claim that trial counsel was ineffective by failing to object to the trial court's jury instruction on the charge of maintaining a CDS production facility under N.J.S.A. 2C:35-4. Defendant contends the trial court's charge was incorrect because it did not define the terms "maintain" and "continuity of use" as they were discussed and explained by the Supreme Court in State v. Kittrell, 145 N.J.

16

112 (1996).[5] He asserts trial counsel was ineffective by failing to request that the trial court define the terms in the jury charge because the terms "are critical to crimes charged under N.J.S.A. 2C:35-4."

On defendant's direct appeal, we rejected his claim that the absence of an express definition of the terms "maintain" and "continuity of use[,]" as those terms were explained in Kittrell, constituted error. We noted the trial court instructed the jury on the elements of a crime under N.J.S.A. 2C:35-4 in accordance with the model jury charge for the offense, see Model Jury Charges (Criminal), "Maintaining or Operating a Controlled Dangerous Substance Facility (N.J.S.A. 2C:35-4)" (rev. Dec. 11, 2000), and explained the model charge included a definition of "maintain" that is consistent with the Supreme Court's definitions of the terms "maintain" and "continuity of use" in Kittrell, Gonzalez-Rosario, No. A-4018-17, slip op. at 28-29. We further found the evidence presented at trial supported the jury's finding beyond a reasonable

_____

[5] In Kittrell, the Supreme Court explained the elements of the offense of maintaining or operating a CDS production facility under N.J.S.A. 2C:35-4, noting the crime is committed in part where an individual "knowingly maintains or operates any premises, place or facility used for the manufacture of" certain specified CDS. 145 N.J. at 122. The Court noted the statute does not define "maintains" and, after considering dictionary definitions of the term, concluded that proving a defendant maintains a production facility requires a showing there was continuity of use of the facility. Ibid. The Court then discussed the meaning of "continuity [of] . . . use." Ibid.

doubt that defendant continuously operated a CDS production facility such that he "maintain[ed]" the facility in violation of N.J.S.A. 2C:35-4. Id. at 29-32. We concluded "[t]he court's instruction to the jury on the elements of N.J.S.A. 2C:35-4 accurately described the elements of the offense, as supported by the evidence, in plain and unambiguous language consistent with the Court's holding in Kittrell." Id. at 31.

Given our findings and conclusions on defendant's direct appeal, we discern no basis to conclude the PCR court erred by determining defendant failed to sustain his burden under Strickland on his claim trial counsel was ineffective by failing to request that the court supplement the jury charge on the elements of the charged offense under N.J.S.A. 2C:35-4. Since the jury charge adequately addressed the elements of the offense as explained by the Court in Kittrell, see Gonzalez-Rosario, No. A-4018-17, slip op. at 31, trial counsel's performance was not deficient under the first prong of the Strickland standard by not requesting an unnecessary amendment to the jury charge. See generally State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

Additionally, defendant did not sustain his burden of affirmatively demonstrating prejudice under the second prong of the <u>Strickland</u> standard, <u>Gideon</u>, 244 N.J. at 551, because, as we determined on defendant's direct appeal, the trial court's jury instruction adequately defined the elements of the charged offense under N.J.S.A. 2C:35-4 in accordance with <u>Kittrell</u>. <u>Gonzalez-Rosario</u>, No. A-4018-17, slip op. at 31. Thus, the record does not permit a finding, and defendant does not otherwise make an affirmative showing, there is a reasonable probability that but for counsel's alleged error, the result of his trial would have been different. <u>See</u> <u>Gideon</u>, 244 N.J. at 551.

Defendant also argues the PCR court erred by denying his claims without an evidentiary hearing.

> A defendant is entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.
>
> [<u>R.</u> 3:22-10(b).]

As we have explained, defendant failed to present competent evidence establishing a prima facie PCR claim, and he points to no evidence establishing a dispute as to material facts or a need to consider matters outside the existing

record.  The court therefore correctly denied the petition without an evidentiary hearing.

Any remaining arguments presented on defendant's behalf that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2408-21